IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENCOMPASS HOME AND AUTO       :
INSURANCE COMPANY,
                              :
    Plaintiff,
                              :
v.                                 Civil Action No. GLR-12-2588
                              :
COREY HARRIS, et al.,
                              :
    Defendants.
                              :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff's, Encompass Home and Auto Insurance Company ("Encompass"), Motion for Summary Judgment (ECF No. 19), and Encompass's Motion in Limine to Exclude Defendants/Counter-Plaintiffs', Corey Harris and Nicole Saunders Harris (the "Harrises"), Insurance Expert's Testimony at Trial (ECF No. 20). The questions before the Court are whether (1) the Harrises' failure to include the purchase price of their property on their application for a homeowner's insurance policy was a material misrepresentation that supports Encompass voiding the policy ab initio; and (2) the insurance expert's testimony should be excluded at trial.

The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons given below, Encompass's Motion in Limine to Exclude the Harrises'

1

Insurance Expert's Testimony will be granted, and Encompass's Motion for Summary Judgment will be denied.

## I. BACKGROUND[1]

On August 2, 2011, the Harrises purchased a row home located at 2700 Classen Avenue, Baltimore, Maryland, (the "Property") for $7,500. The only improvements made to the Property were applying plywood to the front door and resealing the roof. In May 2012, the Harrises contacted Jayne Clark of Donadio Insurance Group to add the Property to Ms. Harris's existing policy.[2] Based on the information provided to her by the Harrises, Ms. Clark completed an application for insurance to make the Property the primary residence on the policy with a replacement cost valued at $180,000. Ms. Harris then reviewed and signed the application before returning it to Ms. Clark for submission to Encompass.

Encompass's underwriting guidelines require that the market value of any property it insures not be less than 70% of the current replacement value. The Harrises' insurance application omits the property value and market value of the Property. Nonetheless, Encompass accepted the application and endorsed the policy to include the Property.

---

[1] Unless otherwise noted, the following facts are taken from the Complaint and Encompass's Motion for Summary Judgment, and are viewed in the light most favorable to the Harrises.

[2] Encompass issued an insurance policy to Nicole Saunders, dated December 5, 2011 to December 5, 2012, which originally insured her condominium at 3623 Glengyle Avenue plus three automobiles. Thereafter, Ms. Saunders married Corey Harris and legally changed her name to Nicole Harris.

Within a month after endorsement of the policy, a fire occurred. A subsequent investigation revealed that the Property was not being used as a primary residence, was not in livable condition, was purchased for only $7,500, and had been uninsured since it was purchased in August 2011. As a result, Encompass initiated this action on August 29, 2012, seeking a declaratory judgment that the Policy is void <u>ab initio</u> based on material misrepresentations in the application.

In its Complaint, Encompass alleges that, had it known at the time the application was being reviewed that the Property was (1) not the Harrises' owner-occupied primary residence, (2) vacant, (3) purchased for $7,500, and (4) without insurance since the time of purchase in August 2011, it would not have issued the Policy. The Harrises filed an Answer and a Counter-Complaint alleging that Encompass breached the conditions of the Policy. (ECF Nos. 10, 13). Encompass filed an Answer to the Counter-Complaint. (ECF No. 14).

On April 22, 2013, Encompass moved for summary judgment alleging that the material misrepresentation by the Harrises concerning the value of the Property compared to its replacement value entitles it to judgment as a matter of law.[3] The Harrises

---

[3] Encompass concedes that there are facts in dispute that preclude summary judgment with respect to its other enumerated reasons for voiding the policy, but that summary judgment on the issue of value of the Property compared to its replacement value

timely opposed Encompass's motion. (ECF No. 21). They argue that Encompass should not be permitted to avoid its responsibilities under the contract because (1) they did not represent to Encompass a purchase price different from what was actually paid but merely omitted the purchase price from the application; (2) the condition of the Property and their intentions with respect to the Property are imputed to Encompass through the insurance agent, Ms. Clark; and (3) Encompass waived its right to rescind the policy. Encompass filed a timely reply. (ECF No. 22).

On April 24, 2013, Encompass filed a Motion in Limine regarding the testimony of Michael Gardner, whom the Harrises intend to designate as their insurance expert. The Harrises' response was due by May 13, 2013. To date, the Court has no record of a response being filed. The Motion is ripe for disposition.

## II. DISCUSSION

A. **Motion in Limine**

Although Mr. Gardner's expected testimony has no bearing on Encompass's Motion for Summary Judgment, the Court will address the Motion in Limine first. Having reviewed the record in this case, Encompass's Motion will be granted.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the identity of any witness who may be used at trial.

---

is ripe for review and sufficient to render judgment as a matter of law. (See Pl.'s Mot. Summ. J. at 4 n.2, ECF No. 19).

More specifically, the disclosure of a witness expected to provide expert testimony must include a written report signed by the person offering the expert witness testimony. Fed.R.Civ.P. 26(a)(2)(B). These disclosures shall be made "at the times and in the sequence" directed by the court. Fed.R.Civ.P. 26(a)(2)(D).

Pursuant to the initial Scheduling Order in this case (ECF No. 11), the Harrises timely designated Andrew Gorelick and Anthony Jones as experts. The Harrises then failed to provide any Rule 26(a)(2) supplemental disclosures by the February 26, 2013 deadline ordered by the Court. (See id.). Thereafter, on March 25, 2013, the Harrises forwarded Answers to Interrogatories wherein they identified Michael Gardner as an expert. The Harrises expect Mr. Gardner to testify about the practices and policies of an insurance agent and/or agency in accordance with industry standards. (Pl.'s Mot. Limine to Exclude Expert Test. Ex. 3, at 3, ECF No. 20-3). Further, to date, the Harrises have not provided Encompass any written report as required by Rule 26(a)(2)(B). As a result, Encompass filed the instant Motion, requesting that the Court exclude Mr. Gardner's testimony at trial.

The Court has discretion whether to exclude expert testimony. Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) states, however, that failure to comply with the disclosure requirements of Rule 26(a)(2)(B) should automatically exclude the testimony unless

5

there was substantial justification for the failure to make complete disclosure or that the failure to disclose is harmless. See Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011) (citing Fed.R.Civ.P. 37(c)(1)). In applying this test, the Court should consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Here, the importance of the excluded testimony and the Harrises' explanation for its failure to comply with the required disclosure cannot be considered because Encompass's Motion is unopposed. The absence of any support for these two factors weighs heavily against the Harrises and supports exclusion of the expert testimony. Additionally, to cure any "prejudice" or "surprise" to Encompass would prolong discovery, necessitate the expenditure of additional resources, and further delay the ultimate resolution of this case. Considering all of the relevant factors, Encompass's Motion in Limine to Exclude the Harrises' Insurance Expert's Testimony at Trial will, therefore, be granted.

B.  **Summary Judgment**

   1.  **Standard of Review**

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citation omitted).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case.  Id. at 248; JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment." Anderson, 477 U.S. at 248; Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

Because this case arises under the Court's diversity jurisdiction, the substantive law to be considered is that of the state in which the action arose. Estrin v. Natural Answers, Inc., 103 F.App'x 702, 704 (4th Cir. 2004). In this case, Maryland law applies.

**2. Analysis**

Insurance policies may be voided ab initio when an insurer issues a policy in reliance on a material misrepresentation in the application. Scottsdale Ins. Co. v. Nat'l Ctr. on Insts. & Alts., Inc., No. WDQ-04-2356, 2005 WL 1367079, at *2 (D.Md. June 7, 2005), aff'd, 169 F.App'x 176 (4th Cir. 2006). In determining

8

whether an insurer may validly rescind a policy, the Court must first decide whether a misrepresentation occurred, and if so, whether the misrepresentation is material to the risk assumed by the insurer. Id. at *2-3; see also Fitzgerald v. Franklin Life Ins. Co., 465 F.Supp. 527, 534-35 (D.Md. 1979), aff'd sub nom. Judith M. Fitzgerald v. Franklin Life Ins. Co., 634 F.2d 622 (4th Cir. 1980) ("A court must engage in a two-pronged inquiry to determine whether the insurer may validly rescind the policy. First, the Court must decide whether a misrepresentation occurred. . . . [Next] the Court must determine whether the misrepresentation was material to the risk assumed by the insurer."); Clemons v. Am. Cas. Co., 841 F.Supp. 160, 165 (D.Md. 1993) (noting that the Court must "first determin[e] if there was an actual misrepresentation and then inquir[e] whether this misrepresentation was material").

With respect to the existence of a misrepresentation, the Harrises first argue, because they did not represent to Encompass a purchase price different from what was actually paid but merely omitted the purchase price from the application, they made no misrepresentation at all. (Defs.' Mem. Opp'n Pl.'s Mot. Summ. J. ("Defs.' Opp'n") at 4-5, ECF No. 21-1). This argument is without merit.

The existence of a misrepresentation by omission in an application for the issuance of an insurance policy is codified in

9

Section 12-207(b) of Maryland's Insurance Article. See Md. Code Ann., Ins. § 12-207 (West 2013) (indicating that an omission or concealment of fact may prevent recovery under an insurance policy or contract). Further, this Court has previously found the existence of a misrepresentation in an insurance contract by omission. See Clemons, 841 F.Supp. at 165 (finding that the misrepresentation was clear where the mortgagee failed to list a second lienholder on the application for insurance); see also Fitzgerald, 465 F.Supp. at 537 ("Since the insurer's question plainly requested such information and [the applicant] failed to provide it, this Court concludes that the nondisclosure of these medical visits was a misrepresentation.").

The Harrises argue that John Hancock Mut. Life Ins. Co. of Boston, Mass. v. Adams, 107 A.2d 111 (Md. 1954), defines a "misrepresentation" as a "statement of something as a fact which is untrue in fact, with the intent to deceive the insurance company." (Defs.' Opp'n at 2, 4-5). The Court disagrees.

Hancock arose out of an insured's answers to several questions in the medical portion of an application for a life insurance policy, not omissions. See generally Hancock, 107 A.2d 111 (Md. 1954). Hancock does not require that a misrepresentation be an actual statement. Further, Hancock recognizes that a material misrepresentation made by an applicant may void an insurance policy "whether it be made intentionally, or through

mistake and in good faith." Hancock 107 A.2d at 221 (citation omitted); see also Fitzgerald, 465 F.Supp. at 534 ("The insurer may avoid the policy regardless of whether the material misrepresentation is made intentionally, or through mistake and in good faith."); Scottsdale Ins. Co., 2005 WL 1367079, at *3; Hofmann v. John Hancock Mut. Life Ins. Co., 400 F.Supp. 827, 829 (D.Md. 1975) ("[A] material misrepresentation . . . in an application invalidates a policy issued on the basis of such application . . . without inquiry into the presence of a conscious design to defraud.").

Other jurisdictions support the proposition that a fraudulent misrepresentation must be accompanied by intent to deceive. See In re MI Windows & Doors, Inc. Products Liab. Litig., 914 F.Supp.2d 744, 752 (D.S.C. 2012) (noting that, under Kansas law, "the elements of a claim for fraudulent misrepresentation include an untrue statement of fact known to be untrue by the party making it made with the intent to deceive . . .") (citation and internal quotation marks omitted); Peterson v. First Health Life & Health Ins. Co., No. 2:09-CV-00029-PMD, 2010 WL 2723113, at *4 (D.S.C. July 9, 2010) (explaining that, under South Carolina law, fraudulent misrepresentation must be untrue and made with the intent to deceive and defraud). "In the Fourth Circuit, however, an insurance company's ability to rescind coverage for misrepresentations in an application is limited by state law."

Peterson 2010 WL 2723113, at *8. Thus, the Harrises' argument that their failure to include the purchase price of the Property from the application was merely an omission and not a misrepresentation fails.

Next, the Harrises argue, because Ms. Clark was aware of both the condition of the Property and their intentions with the Property, that knowledge must be imputed to Encompass through the agency relationship. This argument fails for two reasons. First, after a review of the record, the Court concludes that the emails provided by the Harrises do not support their contention that Ms. Clark was aware of the purchase price of the Property when she completed the application. Second, even assuming Ms. Clark was aware of the purchase price of the Property, under Maryland law, the Harrises maintained the ultimate responsibility to provide complete and accurate information on the application.

> Where an applicant to an insurance policy,
>
> having made all the disclosure demanded of him, has relied entirely on the agent to inform the insurer of the facts, the knowledge of those facts may be imputed to the insurer, and it may not be permitted to defend on the ground of the agent's fraud, unless there has been participation in it by the applicant.

Commercial Cas. Ins. Co. v. Schmidt, 171 A. 725, 728 (Md. 1934). Under Maryland law, however, insurance applicants carry a heavy burden to provide the correct information in their applications. Clemons, 841 F.Supp. at 167; see also Fitzgerald, 465 F.Supp. at 535 ("Maryland law still imposes a heavy burden on the applicant

12

to be responsible for all statements in or omissions from the application submitted by him."). And where the insured has the means to discover the falsity in the representation, but fails to correct the falsehood, he will be charged with the misrepresentation upon which the policy was procured. See Commercial Cas. Ins. Co., 171 A. at 729 ("And so, where false answers have been written by the agent without the knowledge of the assured [sic], but the latter has the means at hand to discover the falsehood and negligently omits to use them, he will be regarded as an instrument in the perpetration of the fraud, and no recovery could be had upon the policy." (citation omitted)); Serdenes v. Aetna Life Ins. Co., 319 A.2d 858, 863 (Md.Ct.Spec.App. 1974) ("It is immaterial that it is the agent who inserts false statements about material matters in an application for insurance, because if the assured [sic] has the means to ascertain that the application contains false statements, he is charged with the misrepresentations just as if he had actual knowledge of them and was a participant therein.").

Here, Ms. Harris testified that she signed the insurance application and reviewed it before signing. (Pl.'s Mot. Summ. J. Ex. 3, at 4, ECF No. 19-4). She swore in the application that the information contained therein was true, complete, and correct.[4]

---

[4] The applicant's statement in the insurance application states: "I have read the above application and any attachments. I declare that the information in them is true, complete, and

Thus, because Ms. Harris had the means to discover the omission, she is charged with the misrepresentation.

Finally, the Harrises argue Encompass should be charged with knowledge of the purchase price of the property because it could have discovered the omitted information by conducting a simple check of the Maryland State Department of Assessments and Taxation database. Generally, an insurer has no duty to investigate applicants' claims, unless extraordinary circumstances exist. N. Am. Specialty Ins. Co., 977 F.Supp. at 731 (explaining that an insurer's duty to investigate "only exists in extraordinary situations"). Extraordinary circumstances exist when the insurer is "on notice that some type of investigation is necessary." Id. (quoting Clemons, 841 F.Supp. at 167). Where such a duty exists, the insurer can be charged with notice, and can be found to have waived its right to rescind the policy. N. Am. Specialty Ins. Co., 977 F.Supp. at 731 (explaining that where the "insurer has a duty to investigate [it] can be charged with notice"); Clemons, 841 F.Supp. at 167 ("[T]he insurer had notice because it had actual knowledge of a considerable amount of suspicious information.").

---

correct to the best of my knowledge and belief. This information is being offered to the company as an inducement to issue the police for which I am applying." (Pl.'s Mot. Summ. J. Ex. 1, at 4, ECF No. 19-2).

The Court finds that where there is a misrepresentation by omission, and the insurer claims the omitted information was material to its decision to issue the policy, a complete failure to provide the required information may impose upon the insurer the duty to investigate. Thus, whether extraordinary circumstances exist in this case is a question of fact for the jury to decide. Accordingly, there is a genuine issue of material fact and Encompass is not entitled to summary judgment.[5]

### III. CONCLUSION

For the foregoing reasons, this Court will, by separate Order, GRANT Plaintiff's Motion in Limine to Exclude Defendants/Counter Plaintiffs' Insurance Expert's Testimony at Trial (ECF No. 20), and DENY Plaintiff's Motion for Summary Judgment (ECF No. 19).

Entered this 19th day of November, 2013

/s/

_____

George L. Russell, III
United States District Judge

---

[5] Having determined a genuine issue of material fact exists with respect to whether a misrepresentation was made, the Court will dispense with analysis as to whether the misrepresentation was material.